Jiang v. Lynch

BIA
Poczter, IJ
A200 939 375

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand sixteen.

PRESENT:
 ROSEMARY S. POOLER,
 DEBRA ANN LIVINGSTON,
 DENNY CHIN,
  *Circuit Judges.*

_____

WEI HUA JIANG,
  *Petitioner,*

 v.                                    13-4
                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
  *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, Yerman & Associates,
                       LLC, New York, New York.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Leslie McKay, Assistant Director; Jessica A. Dawgert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Hua Jiang, a native and citizen of China, seeks review of a December 5, 2012, decision of the BIA affirming a July 14, 2011, decision of Immigration Judge ("IJ") Aviva L. Poczter, denying Jiang's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Wei Hua Jiang,* No. A200 939 375 (B.I.A. Dec. 5, 2012), *aff'g* No. A200 939 375 (Immig. Ct. N.Y.C. July 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, where the BIA affirmed the IJ without opinion we review the IJ's decision. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established.

*See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

For applications like this one, governed by the REAL ID Act of 2005, the agency may base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

In finding Jiang incredible, the IJ reasonably relied on his inconsistent statements about the date of his arrest. This inconsistency was particularly significant because the arrest was Jiang's sole allegation of past persecution. Given that Jiang did not arrive in the United States until August 2010, a reasonable fact-finder would not be compelled to credit his contention that his testimony that he was arrested in March 2010 was a reference to his immigration detention. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).

3

In light of its credibility findings, the agency reasonably noted that Jiang's failure to provide corroborative evidence further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The letter from Jiang's pastor did not provide adequate corroboration because it stated that he had attended church since April 2011, while he had testified that he began attending church in September 2010. Further, as the letter was dated June 2011, the agency reasonably declined to credit Jiang's explanation that the letter was written in April 2011. *See Majidi*, 430 F.3d at 80-81.

Although an IJ may err in basing an adverse credibility finding on the absence of corroborating evidence that was not reasonably available, *see Li Zu Guan v. I.N.S.*, 453 F.3d 129, 141 (2d Cir. 2006), here, Jiang has not provided a compelling explanation for his failure to provide any other evidence supporting his claim.

Accordingly, given that the inconsistencies relate to the sole allegation of past harm and to whether Jiang is a practicing Christian, as well as the lack of corroborating evidence, the agency's adverse credibility determination is supported by substantial evidence, *see* 8 U.S.C.

4

§ 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167, and it is not necessary for us to consider the IJ's alternative finding that Jiang did not meet his burden of proof.

As the agency reasonably found that Jiang failed to establish eligibility for asylum on credibility grounds, the agency did not err in denying withholding of removal and relief under the CAT, as these claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5